**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2769 (RBW) |
| | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The plaintiff, Michael Freeman, sued the Federal Bureau of Investigation ("FBI") to

obtain records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2016).  On

September 24, 2021, the Court granted summary judgment to the FBI on all issues except for one

category of records withheld under FOIA Exemption 7(E).  *See* Memorandum Opinion and

Order ("Mem Op. 1") (Sept. 24, 2021), ECF No. 36 at 25 (affording the defendant the

opportunity to supplement the record with respect to the Category Two withholdings).  Currently

pending before the Court is the Defendant's Renewed Motion for Summary Judgment, ECF No.

40, which the Court will grant for the following reasons.

On February 1, 2022, the Court informed the plaintiff about his obligation to respond to

the defendant's renewed summary judgment motion and the possible consequence of a judgment

being entered in the defendant's favor if he failed to respond by March 21, 2022.  *See* Order at 3

(Feb. 1, 2022), ECF No. 41.  On March 2, 2022, the Court granted the plaintiff's motion for an

extension of time, set a new deadline of April 21, 2022, and directed the Clerk to send a courtesy

copy of the February 1, 2022 Order to the plaintiff.  *See* Minute ("Min.") Order (March 2, 2022).

To date, the plaintiff has neither filed a response nor requested additional time to file a response to the defendant's renewed summary judgment motion.  Therefore, the Court will address the current motion as unopposed and conclude with a finding on record segregability.  *See Trans-Pacific Policing Agreement v. United States Customs Service,* 177 F.3d 1022, 1028 (D.C. Cir. 1999) (placing "an affirmative duty" on the district court "to consider the segregability issue *sua sponte*").

### 1.  Supplemental Record

In considering whether to grant the renewed summary judgment motion, the Court must "determine for itself whether the record and any undisputed material facts justify granting summary judgment[,]" *Winston & Strawn, LLP v. McLean,* 843 F.3d 503, 505 (D.C. Cir. 2016) (internal quotation marks and citation omitted), applying the review standards previously discussed, *see* Mem. Op. 1 at 3–5.  In support of the current motion, the defendant has submitted the Fourth Declaration of Michael G. Seidel ("4th Seidel Decl."), ECF No. 40-3, incorporating the representations in all of Seidel's prior declarations, *id*. ¶ 2.

The Court denied the defendant's initial summary judgment motion, which was based on its application of  FOIA Exemption 7(E) to (1) internal secure FBI fax numbers; (2) internal FBI e-mail or IP addresses; and (3) FBI intranet and internal web addresses, because the declarant failed to explain the investigative technique or procedure that was at risk of being exposed by their release.  *See* Mem. Op. 1 at 24.  However, the Court approved the withholding of the internal e-mail or IP addresses to the extent that they were the same as those found properly withheld under Exemption 7(C).  *Id*.; *see* 4th Seidel Decl. ¶ 5 (representing that they were withheld under Exemption 7(C)).

The defendant has now withdrawn its application of Exemption 7(E) to the internal secure fax numbers and properly relies instead on FOIA Exemption 7(C), attesting through the declarant that the "numbers were assigned to specific FBI personnel or specific FBI offices or divisions."  4th Seidel Decl. ¶ 7.  Seidel plausibly explains that releasing such information could enable the identification and/or location of specific FBI personnel to whom the numbers are assigned and "subject th[o]se employees to harassment, including inappropriate requests for access to information[.]"  *Id*.

This leaves for resolution only the non-public intranet and internal web addresses that the defendant redacted from released records under Exemption 7(E).  *See* 4th Seidel Decl. ¶ 9 & n.3. Seidel adequately describes the "internal FBI database locations" sought to be protected and plausibly explains how the release of such information "could be used to disrupt or undermine FBI operations" and aid investigative targets in avoiding detection and circumventing the law. *Id*. ¶¶ 9-10.  Notably, Seidel attests that "[r]eleasing this type of information . . . renders the associated computer systems vulnerable to attack,  which, in turn, jeopardizes the information located at those addresses, which includes sensitive techniques and case strategies used in FBI investigations."  *Id*. ¶ 9.  Moreover, in its supplemental brief, the defendant cites cases from this district upholding "the application of FOIA Exemption 7(E) for internal identification systems in similar situations."  Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment, ECF No. 40-1 at 16-17.

Based on the defendant's plausible justifications set forth in the supplemental record and the plaintiff's complete silence on the issue, the Court finds in favor of the defendant on the remaining Category Two withholdings.  *See Shapiro v. United States Dep't of Justice,* 893 F.3d 796, 799 (D.C. Cir. 2018) ("Generally, 'an agency's justification for invoking a FOIA exemption

is sufficient if it appears 'logical' or 'plausible.'") (quoting *Larson v. United States Dep't of State,* 565 F.3d 857, 862 (D.C. Cir. 2009)).

### 2. Record Segregability

Under the FOIA, "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1167 (D.C. Cir. 2011) (citation omitted) (alterations in original). Therefore, "[i]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  To satisfy its segregability obligation, an agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." *Valfells v. Central Intelligence Agency,* 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (citation omitted).  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007) (citation omitted).  Although the "quantum of evidence required to overcome that presumption is not clear[,]" *id*., the plaintiff must produce some evidence to do so.  *See id*. (noting that reasonableness rather than the "clear evidence" standard applies) (citations omitted)).

Here, Seidel attests that

> all documents responsive to [the] [p]laintiff's request [were reviewed] to achieve maximum disclosure and [e]very effort was made to provide [the] [p]laintiff with all reasonably segregable, non-exempt records.  No reasonably segregable, non-exempt portions have been withheld [and] [f]urther description of the information withheld . . . could identify the actual exempt information protected by the FBI.

Second Declaration of Michael G. Seidel ¶ 43, ECF No. 25-2; *see also* 4th Seidel Decl. ¶¶ 4, 6 (noting that "many of [the Category Two] withholdings were asserted in conjunction with other [previously approved] exemption categories" and describing Bates-numbered pages withheld in full as either third-party records containing no "segregable information" or documents sealed by court order).  Nothing in the record calls into question "the good-faith presumption afforded" to the defendant's declarations.  *Wright v. United States Dep't of Justice*, 121 F. Supp. 3d 171, 188 (D.D.C. 2015).  Therefore, the Court finds that the defendant has satisfied its segregability obligation under the FOIA.  *See id.* at 187 (noting that "[a]n affidavit attesting to the performance of a review of the documents and a *Vaughn* index describing each document satisfies the FOIA's segregability requirement") (citing cases).

## CONCLUSION

For the reasons set forth above, the Court concludes that the defendant has now complied fully with the FOIA and is entitled to judgment as a matter of law.[1]

_____/s/_____
Reggie B. Walton
DATE:   September 21, 2022                    United States District Judge

---

[1]   A separate Order accompanies this Memorandum Opinion.